(C. D. 76)

Japanese American News *v.* United States

United States Customs Court, Second Division

(Decided January 10, 1939)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise the subject of these suits consists of a certain book entitled "The Japanese American Directory." Duty was levied thereon at the rate of 25 per centum ad valorem under paragraph 1410 of the Tariff Act of 1930 as books not specially provided for. Plaintiff contends that it is either free of duty under the provision in paragraph 1630 of said tariff act for "Books * * * printed wholly or chiefly in languages other than English," or dutiable at but 15 per centum ad valorem under paragraph 1410 of said tariff act as a book of bona fide foreign authorship.

An examination of the official sample, which was admitted in evidence as Exhibit 1, discloses that the book in question consists of 624 pages, 584 of which are a directory of Japanese people, the busi-

nesses in which they are engaged, and their various clubs, societies, and institutions. The information set forth therein relates to Japanese people and their activities in many cities of the United States, Central America, and South America. The titles of the different businesses, institutions, clubs, etc., are printed in both the Japanese and the English languages. The names of the individuals appearing under those various headings are printed in both languages, and the address and telephone numbers are printed in the English language. Of the remaining 40 pages in the book, 36 are devoted to advertisements in which appear both the Japanese and the English languages, and 4 pages comprise an index for the directory, which index is printed entirely in the English language.

In the case of *United States* v. *Nelson & Sons*, 15 Ct. Cust. Appls. 268, T. D. 42465, our appellate court held that the provision for "books or pamphlets printed wholly or chiefly in languages other than English" must be considered in its plain meaning. On that particular point, the court stated:

* * * It will be observed that paragraph 1529, under which free entry is claimed, designates "Books or pamphlets *printed* wholly or chiefly in languages other than English." Unless we are to disregard the plain meaning of this language, the question in each case must be not what the books are to be used for, or how useful they may be, but how they are *printed*. The Congress has made this the test and we are not at liberty to substitute some other. If they are *printed* wholly or chiefly in languages other than English, they are free; if not, they are dutiable.

The record in this case fails to establish that the book in question is printed *chiefly* in a language other than English, to wit, the Japanese language. Two witnesses testified herein on behalf of the plaintiff. The first witness, one H. Katayama, stated that he was the advertising manager of the importing company. He testified that the 584 pages comprising the directory portion of this book are printed equally in the Japanese and the English languages. His testimony concerning the advertising matter is unconvincing. After testifying on direct examination that the printing of the advertising matter was "mostly Japanese," this witness stated on cross-examination, concerning certain of the advertisements particularly called to his attention, that the printing therein was "about even; may be more Japanese." The second witness who appeared on behalf of the plaintiff was the chief editor and general manager of the importing concern. His testimony, taken as a whole, is to the effect that the printing in the entire directory is divided equally between the Japanese language and the English language. It will be observed that the examination of the witnesses by counsel was directed to the directory and advertising portions, and no reference is made either in the record or in the

briefs of counsel to the fact that the index is printed entirely in the English language, which, of course, must be considered in determining this question. All of the advertisements in the directory contain both English and Japanese, but to what extent the printing in one language prevails over the other in all of the advertising matter, is not established by the record. After a careful examination of the sample and a careful consideration of the testimony of the witnesses on this phase of the case, we are unable to make a positive finding that the printing in this directory is predominantly in the Japanese language. The claim for free entry under paragraph 1630 is therefore overruled.

In considering the advertisements in this directory in connection with the claim under said paragraph 1630, we are not unmindful of our recent decision in the matter of *International News Co.* v. *United States*, C. D. 69, involving certain bilingual dictionaries. In that case, we gave no consideration to the advertisements appearing in the dictionaries under consideration. Our conclusion there was based on the principle laid down in the *Nelson* case, *supra*, that the language in which the preponderance of thought conveyed by a book was expressed was determinative of the language in which the book was chiefly printed. We held that advertising matter was in no way related to the thought expressed in bilingual dictionaries and therefore gave no consideration to the printing of any such matter therein. The same rule is not applicable to this directory. The testimony shows that this book is given to dealers of the plaintiff, and it is a fair conclusion to say that the only purpose of the book is to act as a guide for Japanese people and supply pertinent data concerning their population in those cities mentioned therein. Certainly, the advertisements lend to that purpose and are directly connected with the thought intended to be conveyed by the directory. In our judgment that conclusion is supported by the ordinary dictionary definition of the word "directory." In Funk & Wagnall's Standard Dictionary, the word "directory" is defined as follows:

\* \* \* An alphabetical list, as of the names and addresses of the inhabitants of business-houses of a city, of all those engaged in particular lines of business, classified in groups, or of any special class: printed in book form, and, usually bound up with advertisements.

That the element of advertising matter is included in that dictionary definition, in our judgment, further supports the view herein expressed that the advertisements in the directory have a direct bearing upon the preponderance of thought conveyed by the book.

It is argued by counsel for the defendant in his brief that these directories are not susceptible of authorship, and therefore the claim

that they are books of foreign authorship is wholly untenable. We cannot agree with this contention. In the case of *Kelly Publishing Co.* v. *United States*, T. D. 43493, this court held certain directories, containing advertisements and statistical information of individuals and concerns located throughout the world, to be susceptible of authorship. And in the case of *United States* v. *American Railway Express Co.*, 17 C. C. P. A. 10, T. D. 43317, the Court of Customs and Patent Appeals, in holding certain paper-bound books and pamphlets issued by the Canadian National Railways Co. to be susceptible of authorship, stated:

The descriptive historical and geographical matter, and other information with which the books and pamphlets are filled, being such as to require mental effort and ability to prepare, are *held* to be of such a character as to be susceptible of authorship. *United States* v. *Field & Co.*, 14 Ct. Cust. Appls. 376, T. D. 42031.

That conclusion in the cited cases is equally applicable herein, and we so hold.

Having determined that it is susceptible of authorship, our question now is whether or not the directory in question is of bona fide foreign authorship.

The witness, Katayama, testified that he was born in Japan; and that although he has been in this country for over twenty years he has never become a citizen of the United States, but has always remained a subject of Japan. He further testified that he collected all the data and information contained in the directory under consideration in this country, compiled it, and then sent it abroad where it was printed and published in the form of the imported book.

The preparation and the arrangement of the material contained in the imported directory require mental effort and ability to make the book beneficial to its users. Following the principle enunciated in the *American Railway Express* case, *supra*, it is our opinion that plaintiff has established that the witness, Katayama, is the author of this book; and that it is of bona fide foreign authorship. That the author was residing in this country, and the subject matter was obtained here, does not affect the conclusion that the book is of foreign authorship. See Abstract 22126.

We therefore hold the merchandise in question to be properly dutiable at the rate of 15 per centum ad valorem under said paragraph 1410 as books of bona fide foreign authorship, as alleged by plaintiff. Said claim in both protests is therefore sustained and in all other respects the protests are overruled. Judgment will be rendered accordingly.